UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MINNIE ROSE LLC,

Index no.: 15-cv-01923 (ER)

Plaintiff,

-v-

ANNA YU a/k/a/ ANNA YUE, ELVA GREEN
CLOTHING COMPANY LTD. a/k/a/ ELVA GREEN
CLOTHING (HK) CO. LTD., and JOHN DOES 1-10,

Defendants.

------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**LAW OFFICE OF MARTIN MUSHKIN, LLC**
*Attorneys for the Defendants*
**1100 Summer St.**
**Stamford, CT 06905**
**Tel: 203-252-2357**
**Fax: 203-547-7540**
**mmushkin@mushkinlaw.com**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………ii

PRELIMINARY STATEMENT………………………………………………………………1

STATEMENT OF FACTS……………………………………………………………………2

SUMMARY OF ARGUMENT………………………………………………………………...2

ARGUMENT………………………………………………………………………………...3

   I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT DOES
       NOT HAVE PERSONAL JURISDICITON OVER ANY DEFENDANTS……………..3

      A.  Plaintiff Has Not Alleged Facts Sufficient To Support Personal Jurisdiction
          As to Defendants Under New York's Jurisdictional Statutes……………………..3

         (i)  General Jurisdiction under CPLR § 301…………………………………..4

        (ii)  Specific Jurisdiction under CPLR § 302…………………………………..6

  II.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P.
       12(b)(6) BECAUSE IT FAILS TO STATE A CLAIM…………………………………10

      A.  COUNTS I AND II – FRAUDULENT MISREPRESENTATION..……………11

         (i)  Counts I and II Fail To State The Elements of Fraudulent
             Misrepresentation…………………………………………………………...11

        (ii)  Counts I and II Fail To Plead Claims For Fraudulent
            Misrepresentations With the Particularity Required By Rule 9(b)…..........12

        (iii)  Plaintiff Has Failed to Show It Used Reasonable Due Diligence………..15

      B.  COUNTS III AND IV – UNJUST ENRICHMENT…………………………….16

         (i)  The Existence Of A Valid Contract Precludes a Claim For Unjust
            Enrichment…………………………………………………………………16

        (ii)  Duplicativeness Aside, Plaintiff's Claims For Unjust Enrichment
            Should Be Dismissed For Failure To State A Claim……………………17

        (iii)  The Unjust Enrichment Claim Fails Because The Underlying
            Fraud Claim Was Not Adequately Pleaded……………………………...17

        (iv)  The Unjust Enrichment Claims Fails to Comply With The
            Particularity Required By Rule 9(b)………………………………………18

III.    THE COMPLAINT MUST BE DISMISSED AS TO DEFENDANT ANNA YU……..18

IV.    PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS…...20

    A.  Counts I & II – Fraudulent Misrepresentation…………………………………...20

    B.  Counts III & IV – Unjust Enrichment……………………………………………20

V.    PLAINTIFF IS IN VIOLATION OF THE STATUE OF FRAUDS……………………21

VI.    PLAINTIFF'S CLAIMS ARE BARRED BY LACHES………..………………..........21

VII.    CONCLUSION…………………………………………………………………………..21

# TABLE OF AUTHORITIES

**Cases**

*Abu Dhabi Comm. Bank* v. *Morgan Stanley & Co.*,
  651 F. Supp. 2d 155 (S.D.N.Y. 2009) ...................................................................... 12

*Americana Petroleum Corp. v. Northville Indus. Corp.*,
  200 A.D.2d 646 (2d Dep't 1994) ............................................................................. 20

*Aqua Prods., Inc. v. Smartpool, Inc.,*
  2005 WL 1994013 (S.D.N.Y. Aug. 18, 2005) .......................................................... 7

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................................. 10

*Bell Atlantic Corporation v. Twombly,*
  500 U.S. 544 (2007) .............................................................................................. 5, 10

*Bensusan Restaurant Corp. v. King,*
  126 F.3d 25 (2nd. Cir. 1997) ..................................................................................... 8

*Benzman v. Whitman*,
  523 F.3d 119, 2008 WL 1788401 (2d Cir. April 22, 2008) .................................... 10

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*,
  98 F.3d 13 (2d Cir. 1996) .................................................................................. 11, 19

*C.B.C. Wood Prods., Inc. v. LMD Integrated Logistics Servs.*, *Inc.*,
  455 F. Supp. 2d 218 (E.D.N.Y. 2006) ...................................................................... 7

*Carte Blanche PTE., Ltd. v. Diners Club Int'l, Inc.*,
  758 F. Supp. 908 (S.D.N.Y. 1991) .......................................................................... 19

*Cohen v. S.A.C. Trading Corp.*,
  711 F.3d 353 (2d Cir 2013) ..................................................................................... 20

*Cole v Mandell Food Stores*,
  93 NY2d 34 (1999) .................................................................................................... 3

*Crigger v. Fahnestock and Co., Inc.,*
  443 F.3d 230 (2d Cir. 2006) ..................................................................................... 11

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ................................................................................................. 5

*DirecTV Latin Am., LLC v. Park 610, LLC,*
  691 F. Supp. 2d 405, 2010 U.S. Dist. LEXIS 6259 (S.D.N.Y. 2010) ....................... 8

*Eastman Kodak Co. v. Ricoh Co.*,
  2013 U.S. Dist. LEXIS 113204, 2013 WL 4044896 (S.D.N.Y. Aug. 9, 2013) ....... 21

*Eternity Global Master Fund Ltd., v. Morgan Guar. Trust Co. of N. Y.*,
  375 F.3d 168 (2d Cir. 2004) ............................................................................... 12, 13

*Federal Treasury Enter. Sojuzplodoimport v. Spirits Intern. N.V.*,
  400 Fed. App'x 611 (2d Cir. 2010) ......................................................................... 17

*Follender v. Prior*,
  63 A.D.3d 1458 (3d Dep't 2009) ............................................................................. 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  131 S. Ct. 2846 (2011) ............................................................................................... 5

*Haining Zhang v. Schlatter*,
  2013 U.S. Dist. LEXIS 138968 (S.D.N.Y. Mar. 13, 2013)......................................... 20
*Helicopteros Nacionales de Colom., S.A. v. Hall*,
  466 U.S. 408 (1984) ................................................................................................... 6
*Ho Myung Moolsan v. Manitou Mineral Water*,
  665 F. Supp. 2d 239 (S.D.N.Y. 2009) ....................................................................... 14
*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
  763 F.2d 55 (2nd Cir. 1985) ....................................................................................... 4
*Hutton v. Priddy's Auction Galleries*,
  275 F. Supp. 2d 428 (S.D.N.Y. 2003) ........................................................................ 8
*In re Magnetic Audiotape Antitrust Litig.*,
  334 F.3d 204 (2d Cir. 2003) ....................................................................................... 3
*In re Neidich*,
  290 A.D.2d 557, 736 N.Y.S.2d 694 (2d Dep't 2002) ................................................ 20
*In re Pfizer Inc. S'holder Derivative Litig.*,
  722 F. Supp. 2d 453 (S.D.N.Y. 2010) ....................................................................... 17
*In re Roman Catholic Diocese of Albany, N.Y., Inc.*,
  No. 13--4736-CV, 2014 WL 485948 (2d Cir. Feb. 7, 2014) ...................................... 6
*In re Scholastic Corp. Secs. Litig.*,
  252 F.3d 63 (2d Cir. 2001) ....................................................................................... 13
*In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*,
  2003 WL 22909153 (S.D.N.Y. Dec. 9, 2003)............................................................. 4
*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ................................................................................................... 5
*Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd*,,
  909 F.2d 698 (2d Cir. 1990) ..................................................................................... 19
*Jacobs v. Felix Bloch Fur Buhne Film und Funk KG*,
  160 F. Supp. 2d 722 (S.D.N.Y. 2001) ........................................................................ 6
*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181 (2d Cir. 1998) ....................................................................................... 3
*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*,
  918 F.2d 1039 (2d Cir. 1990) ..................................................................................... 4
*Mareno v. Rowe*,
  910 F.2d 1043 (2d Cir. 1990) ..................................................................................... 9
*Matsumura v. Benihana Nat'l Corp.*,
  542 F. Supp. 2d 245, 2008 U.S. Dist. LEXIS 7338 (S.D.N.Y. 2008)........................ 18
*Michaelson v Scaduto*,
  205 AD2d 507, 612 N.Y.S.2d 659 (2nd Dept. 1994).............................................. 12
*Mills v. Polar Molecular Corp.*,
  12 F.3d 1170 (2d Cir. 1993)...................................................................................... 13
*New Dimension Solutions, Inc. v Spearhead Sys. Consultants [US], Ltd.*,
  28 AD3d 260 (1st Dept. 2006) ................................................................................ 3

iv

*OOO "Garant-S" v. Empire United Lines Co.*,
  2014 U.S. App. LEXIS 2317, 2014 WL 443590 (2d Cir. 2014)............................ 19
*PaineWebber Inc. v. Westgate Group, Inc.*,
  748 F. Supp. 115 (S.D.N.Y. 1990) ........................................................................ 7
Rombach v. Chang,
  355 F.3d 164 (2d Cir. 2004) ................................................................................ 18
*Schultz v. Safra Nat'l Bank of N.Y.*,
  377 Fed. App'x 101 (2d Cir. 2010) ...................................................................... 3
*See Eternity Global Master Fund Ltd., v. Morgan Guar. Trust Co. of N. Y.*,
  375 F.3d 168, 187 (2d Cir. 2004) ........................................................................ 3
*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
  450 F.3d 100 (2d Cir. 2006) ................................................................................ 7
*Suez Equity Investors, L.P. v. Toronto-Dominion Bank*,
  250 F.3d 87 (2d Cir. 2001) ................................................................................ 11
*Tellabs Inc.* v. *Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ........................................................................................... 12
*TromaEntm't, Inc. v. Centennial Pictures Inc.*,
  729 F.3d 215 (2d Cir. 2013) ................................................................................ 3
United States ex rel. Barmak v. Sutter Corp.,
  2003 U.S. Dist. LEXIS 10446, 2003 WL 21436213 (S.D.N.Y. June 20, 2003) ........................ 15
*United States ex rel. Corporate Compliance Assocs. v. New York Soc'y for the Relief of the Ruptured
& Crippled, Maintaining the Hosp. for Special Surger*y,
  2014 U.S. Dist. LEXIS 109786 (S.D.N.Y. 2014) ........................................... 13, 14, 15
*Valley Juice Ltd., Inc. v. Evian Waters of France, Inc.*,
  87 F.3d 604 (2nd Cir. 1996) ............................................................................... 16
*Vermeer Owners, Inc. v. Guterman*,
  169 A.D.2d 442, 564 N.Y.S.2d 335 (1st Dept. 1991) .......................................... 15
*Whitaker v. Am. Telecasting, Inc.*,
  261 F.3d 196 (2d Cir. 2001) ................................................................................. 9
*Wiwa v. Royal Dutch Petroleum Co.*,
  226 F.3d 88 (2d Cir. 2000) ................................................................................... 4
*Wynn* v. *AC Rochester*,
  273 F.3d 153 (2d Cir. 2001) ............................................................................... 11

## **Statutes**

C.P.L.R. § 213(8) ................................................................................................ 19
CPLR § 301........................................................................................................... 4
CPLR § 302........................................................................................................... 6
CPLR § 302(a)(3) ................................................................................................. 9
CPLR §3018(b) ................................................................................................... 20
CPLR 302(a)(2) .................................................................................................... 8
CPLR 302(a)(l) ..................................................................................................... 8
N.Y. UCC § 2-201 .............................................................................................. 20

N.Y. UCC Part 2 § 1-206................................................................................................... 20

**Rules**

Fed. R Civ. P. Rule 12(b)(2) ........................................................................................... 2
Fed. R. Civ. P Rule 9(b)................................................................................................ 2, 12
Fed. R. Civ. P. 9(b) ...................................................................................................... 2, 13
Fed. R. Civ. P. Rule 12(b)(2) ........................................................................................... 3
Fed. R. Civ. P. Rule 12(b)(6) ........................................................................................... 2

## PRELIMINARY STATEMENT

In this diversity action, the gravamen of Plaintiff's complaint is that defendants, ANNA YU a/k/a/ ANNA YUE, ("Yu") ELVA GREEN CLOTHING COMPANY LTD. a/k/a/ ELVA GREEN CLOTHING (HK) CO. LTD., ("Elva") and JOHN DOES 1-10, (collectively the "Defendants"), residents of Hong Kong, Compl. ¶¶ 9-10, were responsible for selecting factories, supervising the production of Plaintiff's garments in such factories and invoicing the same. They are alleged to have caused damages based on fraud allegations. Compl ¶ 2. Plaintiffs further allege that Defendants systematically defrauded Plaintiff by creating artificial invoices that inflated the manufacturing costs for each and every item Minnie Rose ordered through them. Compl ¶ 3.

At the outset, the Complaint is fails to allege facts sufficient to state a prima facie case of personal jurisdiction over any of the Defendants.

Most notably, however, is the fact that even though Plaintiff fails to particularize the what, when, where and how of the facts, it alleges causes of action for: fraudulent misrepresentation against Yu and John Does, Compl ¶¶ 24-28; fraudulent misrepresentation against Elva and John Does, Compl ¶¶ 29-33; unjust enrichment against Yu Compl ¶¶ 34-38; unjust enrichment against Elva Compl ¶¶ 39-43. *See* Compl. attached as exh. A.

In seeking to prove its allegations Plaintiff attached *two* 2014 invoices that it terms "Actual and Fraudulent Invoices". *See* Exhs A & B to complaint. Pleading two 2014 invoices on these fraud counts, is grossly inadequate especially since Plaintiff alleges that the parties' business relationship began back in 2009. The two invoices total $140,766.6[1] barely enough for

---

[1] It should be noted that these invoices and numbers are entirely unclear and Plaintiff neglects to clarify. In addition, there is some discrepancy in each invoice where they mention 50%

diversity jurisdiction, yet the Plaintiff demands $2,200,000. Moreover, Plaintiff does not even bother trying to show or explain how or why any invoices are fraudulent. At best Plaintiff's allegations are bald conclusory statements; they must fail.

Accordingly, the Defendants now move to dismiss the Complaint pursuant to Rules 12(b)(2), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

Plaintiff states in its pre-12(b) answer to Defendants' pre 12(b) motion letter that:

> Minnie Rose has alleged that it engaged Yu in or about 2009 to perform duties in connection with her role as Minnie Rose's primary sourcing agent, and that Yu, through her closely held corporation Elva Green, systematically defrauded Minnie Rose from the inception of their business relationship in 2009 until the termination thereof in 2014 by creating false invoices which inflated actual manufacturing costs, causing Minnie Rose to pay the actual invoiced sums and over two million dollars of additional monies to Defendants, which they did not earn and which they retained.

Compl ¶¶ 2-5).

## SUMMARY OF ARGUMENT

Plaintiff's complaint should be dismissed because it fails to adequately allege diversity jurisdiction, Fed. R Civ. P. Rule 12(b)(2), fails to state a claim, Fed. R. Civ. P. Rule 12(b)(6), fails to particularize the fraud, Fed. R. Civ. P Rule 9(b) and is barred by the Statute of Frauds and Statute of Limitations, among other things. The majority of the allegations in Plaintiff's amended complaint contain no more than a vague and conclusory repetition of the statutory language without any real reference to date, time or place, and thus the allegations are insufficiently particular to state a cause of action. *See Eternity Global Master Fund Ltd., v. Morgan Guar. Trust Co. of N. Y.*, 375 F.3d 168, 187 (2d Cir. 2004); *see also Cole v Mandell Food Stores*, 93

---

prepayment. It's not clear what that means and in fact that alone may reduce Plaintiff's allegations to lower than the $75,000 minimum threshold for this Court's jurisdiction.

NY2d 34, 40 (1999), *New Dimension Solutions, Inc. v Spearhead Sys. Consultants [US], Ltd.*, 28 AD3d 260, (1st Dept. 2006).

## ARGUMENT

**I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER ANY DEFENDANTS**

### A. Plaintiff Has Not Alleged Facts Sufficient To Support Personal Jurisdiction As to Defendants Under New York's Jurisdictional Statutes

Fed. R. Civ. P. Rule 12(b)(2) allows for dismissal where Plaintiff fails to carry its pleading burden of showing that the Court has jurisdiction to hear its claim. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). To defeat a Rule 12(b)(2) motion, Plaintiff must "'plead[] in good faith, legally sufficient allegations of jurisdiction,' i.e., by making a 'prima facie showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (internal citations omitted); accord *TromaEntm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) ("In other words, a complaint will survive a motion to dismiss for want of personal jurisdiction so long as its allegations, taken as true, are 'legally sufficient allegations of jurisdiction.'" (citation omitted)).

A plaintiff can establish personal jurisdiction under New York law by "demonstrat[ing] either that the defendant was 'present' and 'doing business' in New York within the meaning of [CPLR] § 301," commonly referred to as general jurisdiction, "or that the defendant committed acts within the scope of New York's long-arm statute, [CPLR] § 302[,]" commonly referred to as specific jurisdiction. *Schultz v. Safra Nat'l Bank of N.Y.*, 377 Fed. App'x 101, 102 (2d Cir. 2010).

As set forth below, Plaintiffs have not stated jurisdictional facts under either provision for any of Defendants that are "plausible" on their face.

### (i) General Jurisdiction under CPLR § 301

Pursuant to CPLR § 301, "a corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to its New York contacts, if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Hoffritz for Cutlery, Inc. v. Amajac,Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267 (1917)). "In order to establish that this standard is met, a plaintiff must show that a defendant engaged in 'continuous, permanent, and substantial activity in New York.'" *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000). "New York courts have generally focused on the following indicia of jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." *Landoil Res. Corp. v. Alexander & Alexander Servs.*, Inc., 918 F.2d 1039, 1043 (2d Cir. 1990). *See also In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000*, 2003 WL 22909153, at *3 (S.D.N.Y. Dec. 9, 2003) (a foreign corporation was not considered to be "doing business" in New York and therefore not subject to personal jurisdiction with respect to a cause of action, "absent some indication of frequency or volume.").

Plaintiff fails to allege that any of the Defendants has offices, bank accounts, real estate, employees, or agents in New York. The Complaint entirely and utterly fails to contain any allegation that relates to the question whether Defendants conducted business in New York for purposes of Section 301. Specifically the Complaint alleges that Yu is a foreign individual who resides in Hong Kong Compl. ¶ 9 and Elva is "organized and existing under the laws of Hong Kong", Compl. ¶ 10. At most the allegations state the working business relationship between the

parties but is completely devoid of any other additional jurisdictional facts in connection to Defendants' "doing business" in New York.[2]

Accordingly, the Complaint does not plausibly state jurisdictional facts from which a court could conclude that Defendants did business in New York for purposes of Section 301. *Bell Atlantic Corporation v. Twombly,* 500 U.S. 544, 557 (2007).

Even if Plaintiff's allegations were sufficient to establish general jurisdiction under New York law, they would be inadequate to satisfy due process requirements. Recently, the Supreme Court clarified *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny, which form the principles of general jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), echoed *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011) in that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id*. at 2851. In fact, "Goodyear made clear that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S. Ct. at 760. Thus general jurisdiction has become restricted by these holdings.

Traditionally, courts have looked to the corporation's principal place of business and state of incorporation as the "'paradig[ m] ... bases for general jurisdiction.'" *Id*. (citation omitted). "Daimler AG, however, reaffirmed that ... general jurisdiction might, 'in an exceptional case,' extend beyond a corporation's state of incorporation and principal place of business to a forum where 'a corporation's operations ... *[are] so substantial and of such a nature as to render the*

---

[2] Other allegations against Defendants in the Complaint relate to corporate actions that took place outside of New York (Compl. ¶¶ 13–23 (referring to allegations common to all causes of actions) Compl. ¶¶ 29-33 (referring to allegations of fraudulent misrepresentation), Compl. ¶¶ 39-43 (referring to allegations of unjust enrichment).

*corporation at home in that State.'" In re Roman Catholic Diocese of Albany, N.Y., Inc.*, No. 13--4736-CV, 2014 WL 485948, at *6 (2d Cir. Feb. 7, 2014) (quoting *Daimler*, 134 S. Ct. at 761 n.19) (emphasis in original).

Plaintiff has not alleged Defendants have contacts with New York which can be considered "so continuous and systematic" as to convey general personal jurisdiction. At most, Defendants had meetings in New York but have no other connection to New York. Moreover, even transactions occurring at regular intervals do not submit a defendants to personal jurisdiction. In *Helicopteros Nacionales de Colom., S.A. v. Hall*, the Supreme Court held, "[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." 466 U.S. 408, 418 (1984).

Moreover, the lack of an office, employees, bank accounts, or property in the forum is significant. *See* Declaration from Anna Yu ("Yu Decl.") annexed hereto as Exh B. As the Second Circuit observed, if the Court were to accept Plaintiff's theory of general jurisdiction, "[i]t is difficult to see where jurisdiction would end; foreign-state ... corporations could be found 'at home' essentially anywhere, based on the briefest and most trivial of contacts." *Roman Catholic Diocese*, 2014 WL 485948, at *8.

### (ii) Specific Jurisdiction under CPLR § 302

New York's "long-arm" jurisdiction statute, CPLR § 302, provides for personal jurisdiction over a non-resident defendant "where the cause of action arises from the defendant's transaction of business in New York." *Jacobs v. Felix Bloch Fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 739 (S.D.N.Y. 2001) (citing N.Y. C.P.L.R. § 302(a)(1)). To assert jurisdiction under § 302(a)(1), a plaintiff must plead facts showing that: "(1) defendant purposefully availed

himself of the privilege of doing business in the forum state such that the defendant could foresee being brought into court there; and (2) plaintiff's claim arises out of or is related to the defendant's contacts with the forum state." *Aqua Prods., Inc. v. Smartpool, Inc,* .2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005). When examining whether the defendant purposefully availed himself of such a privilege, a court should consider "all of the party's relevant contacts with New York . . . in their totality." *Barrett v. Tema Dev. (1988) Inc.*, 463 F. Supp. 2d 423, 429 (S.D.N.Y. 2006), *aff'd*, 251 Fed. App'x 698 (2d Cir. 2007). In particular, the court's inquiry should be on the activities of the defendant in New York, as opposed to those of plaintiff; moreover, "[u]nder § 302(a)(1) neither an agent nor an independent contractor's activities are to be attributed to the non-domiciliary defendant . . . ." *PaineWebber Inc. v. Westgate Group, Inc.,* 748 F. Supp. 115, 119 n. 3 (S.D.N.Y. 1990).

"Section 302(a)(l) confers jurisdiction over a non-domiciliary corporation that 'transacts business within the state or contracts anywhere to provide goods and services in the state,' ... if there is a 'direct relationship  between the cause of action and the in state conduct.'" *C.B.C. Wood Prods., Inc. v. LMD Integrated Logistics Servs.*, *Inc.*, 455 F. Supp. 2d 218, 224 (E.D.N.Y. 2006) (quoting *Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000)). There are no assertions, however, that Defendants contracted to provide goods or services in New York. *See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 104 (2d Cir. 2006) (noting where "the disputes could not be characterized as having 'arisen from' the New York activity[,]" there is not a "sufficient nexus between the parties' New York contacts and the claim asserted" to confer jurisdiction under § 302(a)(l)).

Moreover, courts only in the rare case shall compel a defendant to answer a suit where, as here, defendant has the barest of contact. *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F.

Supp. 2d 405, 418, 2010 U.S. Dist. LEXIS 6259, 24 (S.D.N.Y. 2010) ("New York courts have cautioned … that 'defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact.'" *Hutton v. Priddy's Auction Galleries*, 275 F. Supp. 2d 428, 439 (S.D.N.Y. 2003) (citing *McKee Elec. Co. v. Rauland-Borg Corp*., 20 N.Y.2d 377, 383, 229 N.E.2d 604, 283 N.Y.S.2d 34(1967))).

Finally, New York courts have refused to exercise personal jurisdiction under Section 302(a)(l) over a defendant where, as here, the "center of gravity" of a transaction is located outside of New York. *Id*. at 420 (finding the center of gravity of a transaction was outside New York when, among other factors, defendants were all foreign nationals living outside of New York, defendant corporation was incorporated outside of New York, with its principal place of business outside of New York).

Section 302(a)(2) provides for jurisdiction over a party that "commits a tortious act within the state," with one exception not applicable here. Drawing from the opinions of the New York Court of Appeals, the Second Circuit has held, that a defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2). In *Bensusan Restaurant Corp. v. King*, the Circuit noted the "view [under New York law] that CPLR § 302(a)(2) reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." 126 F.3d 25, 28 (2d Cir. 1997) (citing *Feathers v. McLucas*, 15 N.Y.2d 443, 458 (1965)). Put differently, "'[t]o subject non-residents to New York jurisdiction under§ 302(a)(2) the defendant must commit the tort while he or she is physically in New York State.'" *Id*. at 29 (quoting *Carlson v. Cuevas*, 932 F. Supp. 76, 80 (S.D.N.Y. 1996)).

Noticeably absent in this case are any allegations that any Defendant was present in New York when the alleged fraud occurred. Nor are there any allegations that any Defendant had any agents for purposes of jurisdiction for all of the reasons previously stated. Because Plaintiff has not illustrated Defendants' physical presence in New York, it cannot sustain specific jurisdiction under § 302(a)(2).

§ 302(a)(3) of the long-arm statute may confer jurisdiction over a non-resident who:

> [C]ommits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce[.]

N.Y. CPLR § 302(a)(3).

"'[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff.'" *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990) (quoting *Carte v. Parkoff*, 152 A.D.2d 615, 616 (App. Div. 2d Dep't 1989)). "An injury ... does not occur within the state simply because the plaintiff is a resident." *Id.*; accord *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." (internal quotation marks and citation omitted)).

Here, the alleged underlying events took place out of New York, namely in China or Hong Kong. Compl. ¶¶ 2 & 12. *See also* Yu Decl. annexed hereto as Exh B. Even if *arguendo*, Plaintiff meets the situs-of-injury test, it is not enough, however, to establish jurisdiction under § 302(a)(3). A plaintiff must also meet one of two additional sets of requirements: under subpart (i), that the defendant "regularly . . . solicited business, or engages in any other persistent course

of conduct, or derives substantial revenue from goods used or consumed or services rendered" in New York; or under subpart (ii), that the defendant "should [have] reasonably expected the [tortious] act to have consequences in the state and derived substantial revenue from interstate or international commerce." Plaintiff has not even alleged these additional requirements. Accordingly, the claims should be dismissed pursuant to Rule 12(b)(2).

## II. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) BECAUSE IT FAILS TO STATE A CLAIM

In *Twombly,* , the Supreme Court held that, in order to withstand a 12(b)(6) motion, the "[f]actual allegations" contained in the complaint "must be enough to raise a right to relief above the speculative level." 500 U.S. at 545 (internal citation omitted).

The Court also observed that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 546. Ultimately, the Court instructed, that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547; *accord Benzman v. Whitman*, 523 F.3d 119 (2d Cir. 2008) (while considering the plaintiffs' claims the Court observed that, in *Twombly*, the Supreme Court "somewhat modified the previously applicable standard for assessing the sufficiency of complaints in civil cases and ruled that if a claim was not plausible, it would have to be supported by an allegation of some subsidiary facts to survive a motion to dismiss").

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Twombly*, 550 U.S. at 555. A complaint also is insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted).

Here, the Complaint is deficient and should be dismissed under Rule 12(b)(6).

## A. COUNTS I AND II – FRAUDULENT MISREPRESENTATION

### (i) Counts I and II Fail To State The Elements of Fraudulent Misrepresentation

The Second Circuit has held that under New York law, a fraud claim requires (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff. *Wynn* v. *AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001). A plaintiff must prove each element of fraud by clear and convincing evidence. *Crigger v. Fahnestock and Co., Inc.,* 443 F.3d 230, 234 (2d Cir. 2006).

At the pleading stage, where the fraud is based on alleged misrepresentations, the complaint must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001) (quotation omitted).

To plead fraud for claims arising from contractual relations, a plaintiff must: (i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable damages. *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996). All the alleged (but not disclosed) misstatements are invoices. Nothing could be more within a contractual relationship than that.

Plaintiffs do not allege the statements they allegedly relied on in connection to their claims. Instead they just claim "upon information and belief that Defendants created fraudulent invoices". Compl ¶¶ 16-23. Fraud is a serious charge and cannot be pleaded "upon information

and belief". *Eternity Global Master Fund Ltd., v. Morgan Guar. Trust Co. of N. Y.*, 375 F.3d 168, 187 (2d Cir. 2004).

Plaintiffs also fail adequately to allege scienter. New York imposes pleading requirements similar to those under federal securities law. *Abu Dhabi Comm. Bank* v. *Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 171 (S.D.N.Y. 2009). The plaintiff must allege either (1) "motive or opportunity to commit fraud" or (2) "strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* (citing *Kalnit* v. *Eichler*, 264 F.2d 131, 138-39 (2d Cir. 2001).)

Where motive and opportunity are alleged, the facts pleaded must support an inference of scienter that is "cogent and at least as compelling as any opposing inference of non-fraudulent intent." *Tellabs Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). Here, Plaintiff does not adequately allege the "conscious misbehavior or recklessness" of any Defendant, or adequately plead facts supporting a "strong inference" of scienter based on motive and opportunity to commit fraud. At most, Plaintiffs, without proffering any proof, allege that Defendants created fraudulent invoices. Compl *Id*. This allegation plainly fails to support any plausible—much less "cogent" or "compelling"—inference of scienter.

In sum, Plaintiff's bare allegations of fraud, without any allegations of the details constituting the wrong, are insufficient to sustain a claim for fraud. *See Michaelson v Scaduto*, 205 AD2d 507, 508, 612 N.Y.S.2d 659 (2nd Dept. 1994). No viable fraud claim is stated.

### (ii)    COUNTS I AND II Fail To Plead Claims For Fraudulent Misrepresentation With The Particularity Required By Rule 9(b)

***Heightened Pleading Requirement***          Even if, *arguendo*, Plaintiff did somehow comply with pleading the required elements of fraudulent misrepresentation, the complaint should be dismissed because it does not meet the *heightened pleading requirement* under Fed. R. Civ. P. Rule 9(b).

Under Rule 9(b), a complaint that alleges fraud must comply with heightened pleading requirements, as it must state "with particularity the "circumstances" of the fraud. Fed. R. Civ. P. 9(b). All Plaintiff has shown is two 2014 invoices totaling $140,766.6[3] while claiming the alleged fraud goes back to 2009. A few "for instances" will not do. *United States ex rel. Corporate Compliance Assocs. v. New York Soc'y for the Relief of the Ruptured & Crippled, Maintaining the Hosp. for Special Surgery,* 2014 U.S. Dist. LEXIS 109786 (S.D.N.Y. 2014). Moreover, Plaintiff seems to state in its pre-12(b) letter to the Court that because of this "early stage of the litigation" the Plaintiff needs discovery to properly plead. When one pleads fraud, the pleader must know what he/she is talking about. Pleading fraud is not a request to the Court to allow discovery and go on a fishing expedition.

To satisfy Rule 9(b) of the Federal Rules of Civil Procedure, a party must specifically identify the statements that were fraudulent, who made these statements, when they made them, where they made them, and why they were fraudulent. *In re Scholastic Corp. Secs. Litig.,* 252 F.3d 63, 69-70 (2d Cir. 2001) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

The very heart of Plaintiff's complaint, namely paragraphs 12-23 is severely riddled with conclusory allegations. Seemingly, Plaintiff's entire section entitled "ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS" is full of *upon information and belief.* Compl ¶ ¶ 15, 16, 18, 19, 20, 21 and 23. Such allegations clearly fail to satisfy Rule 9(b). *See Eternity Global Master Fund Ltd., v. Morgan Guar. Trust Co. of N. Y.*, 375 F.3d 168, 187 (2d Cir. 2004). Furthermore, the Complaint alleges that "Defendants knew…that their statements were misleading statements of material fact under the circumstances . . . ." Compl. ¶ 41. Plaintiff,

---

[3] *See* fn 1 *supra* at 1.

however, does not offer any context for these allegations, nor does it allege how Defendants "knew" their statements were being relied upon, or how they "knew" they were "misleading," or why they were "misleading."

In addition, and as further argued below, the Complaint repeatedly refers to "Defendants" as a single group, instead of explaining which Defendant was responsible for which statement, as required under Rule 9(b). *Mills,* 12 F.3d at 1175 ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'") (citations omitted). When a fraud claim is alleged against more than one defendant, as here, "the role of each defendant must be alleged with particularity." *Ho Myung Moolsan v. Manitou Mineral Water*, 665 F. Supp. 2d 239, 252-53 (S.D.N.Y. 2009) (citation omitted).

A recent S.D.N.Y. case is most illustrative for the instant facts. *United States ex rel. Corporate Compliance Assocs. v. New York Soc'y for the Relief of the Ruptured & Crippled, Maintaining the Hosp. for Special Surgery,* 2014 U.S. Dist. LEXIS 109786 (S.D.N.Y. 2014) involved a *qui tam* action brought under the False Claims Act ("FCA") against a hospital which was alleged to have been committing fraud in certifying that it was in compliance with federal law on Medicare bills and the like when it was actually involved in a kickback scheme and other malfeasance. The hospital/defendant argued that the complaint failed to satisfy the 9(b) particularity requirements and the Southern District of New York agreed, granting its 12(b)(6) motion to dismiss.[4]

---

[4] *New York Soc'y* was brought under the FCA rather than as a common law fraud action, as in the instant action. But this does not in the least weaken its usefulness, and if anything strengths it. For the plaintiff argued that the 9(b) requirements are *laxer* in an FCA case than in common law fraud because the FCA, unlike common law fraud, does not include reliance and damages as elements (*34). Nevertheless, the Court concluded that the 9(b) requirements had not been meet. So any conclusions issued by the Court here would surely be applicable to our own case.

The Court concluded that to satisfy 9(b), an FCA claim must allege the particulars of the false claims themselves and concluded that this was "more consistent with decades of Second Circuit precedent". *Id*. at *46. The plaintiffs maintained that Rule 9(b) "requires only allegations that go to the particulars of an overall fraudulent scheme, but that there is no obligation to allege the particulars of the false claims themselves." *Id*. at *33. The Court, however, disagreed, and concluded that to satisfy 9(b), an FCA claim "must allege the particulars of the false claims themselves." *Id*. at *34.

The Hospital for Special Surgery is huge, probably filing Affordable Care Act, Medicare and Medicaid claims by the hundreds daily. Here, while the exhibits in Plaintiff's complaint could conceivably lead some people to infer "an overall fraudulent scheme," those exhibits are insufficient to "allege the particulars of the false claims themselves"—because the attached *two* invoices totaling $140,766.6[5] can scarcely account for $2.2 million in damages Plaintiff is seeking.

### (iii)   Plaintiff Has Failed to Show It Used Reasonable Due Diligence

In addition, New York courts have also held that "[w]here a party has means available to him for discovering, 'by the exercise of ordinary intelligence', the true nature of a transaction he is about to enter into, 'he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations.'" *Vermeer Owners, Inc. v. Guterman*, 169 A.D.2d 442, 445, 564 N.Y.S.2d 335 (1st Dept. 1991), *aff'd*, 78 N.Y.2d 1114, 585 N.E.2d 377 (1991). Plaintiff appears to be a sophisticated entity, and its failure to investigate is unexplained.

*United States ex rel. Barmak v. Sutter Corp.*, 2003 U.S. Dist. LEXIS 10446, 2003 WL 21436213, at *6 (S.D.N.Y. June 20, 2003) (Duffy, J.), concluded that "[t]he Relator is not entitled to

---

[5] *See* fn 1 *supra* at 1.

a lesser pleading requirement because [it] failed to exhausted all avenues for obtaining the detailed information lacking in the complaint." *Id.* at *42.

As repeatedly noted, Plaintiff has offered only two 2014 invoices on accounts that allegedly date back to 2009. Has Plaintiff truly "exhausted all avenues for obtaining the detailed information lacking in the complaint?" If Plaintiff could obtain two invoices, why not more? And if Plaintiff can't obtain more, why should we surmise that the ones it does provide are representative of anything?

Plaintiff completely and utterly fails to comply with the heightened pleading requirement. Therefore, because the fraud claim fails to meet the pleading requirements under Rule 9(b), Counts I and II should be dismissed against all Defendants under Rule 12(b)(6).

## B. COUNTS III AND IV – UNJUST ENRICHMENT

### (i) The Existence Of A Valid Contract Precludes A Claim For Unjust Enrichment

The unjust enrichment claim fails because under New York law, the existence of a valid contract precludes recovery in quasi-contract for events arising out of the same subject matter. *Valley Juice Ltd., Inc. v. Evian Waters of France, Inc.*, 87 F.3d 604, 610 (2nd Cir. 1996).

Here, the complaint is replete with references to a relationship of a business contractual nature.[6] Compl ¶ 12-14. Thus recovery under unjust enrichment claims is precluded.

Furthermore, a claim for unjust enrichment is not proper when plaintiff seeks to recover certain monies paid to defendants. *See Follender v. Prior*, 63 A.D.3d 1458, 1460 (3d Dep't 2009) (affirming dismissal of unjust enrichment claim where plaintiff sought to recover money paid to defendants in connection with a contract).

---

[6] Indeed at the pre-motion conference the Court suggested Plaintiff might plead this as a contract action and counsel said they preferred not to do that. Nevertheless, the complaint is replete with references to a relationship of a business contractual nature.

### (ii)    Duplicativeness Aside, Plaintiff's Claims for Unjust Enrichment Should Be Dismissed For Failure To State A Claim

The Complaint alleges in a few short sentences that the Defendants were "enriched at the expense of Plaintiff". Compl. ¶¶ 34-43 (covering both Defendants). This Count too thinly pleads a claim for unjust enrichment to survive dismissal.

Under New York law, the elements of an unjust enrichment claim are that: "(1) the defendant benefited; (2) at the plaintiff's expense; and (3) equity and good conscience require restitution.'" *Federal Treasury Enter. Sojuzplodoimport v. Spirits Intern. N.V.*, 400 Fed. App'x 611, 613 (2d Cir. 2010).

Plaintiff alleges that it paid certain monies to defendants; however, Plaintiff admits that the payment was made in consideration for services by defendants. In this regard, Plaintiff admits that, upon paying money to Defendants, it received the services and goods ordered in consideration and as ordered. Thus the unjust enrichment claims must fail.

### (iii)    The Unjust Enrichment Claim Fails Because The Underlying Fraud Claim Was Not Adequately Pleaded

Plaintiff's unjust enrichment claim is premised entirely on the inadequately alleged fraudulent misrepresentation claim. Unjust enrichment claims based on fraud must meet the fraud pleading standard. Since the heightened fraud pleading standard has not been met, the unjust enrichment claim should be dismissed. *In re Pfizer Inc. S'holder Derivative Litig.*, 722 F. Supp. 2d 453, 465-66 (S.D.N.Y. 2010) (dismissing unjust enrichment claim where underlying allegation of illegal marketing by pharmaceutical company failed to state a claim for relief).

**The Unjust Enrichment Claim Fails To Comply With The Particularity Required By Rule 9(b)**

Heightened pleading requirements are applicable to any claim that "sounds in fraud," regardless of whether fraud is an element of the claim. *Rombach v. Chang*, 355 F.3d 164, 166, 170 (2d Cir. 2004).

> Moreover, *HN5* where "the wording and imputations of the complaint are classically associated with fraud," Rule 9(b) governs any non-fraud claim that the plaintiffs have made "little, if any, effort to differentiate" from the fraud allegations upon which the action is predicated. *Id.* at 172; *In re Ultrafem Inc. Secs. Litig.*, 91 F. Supp. 2d 678, 691 **[252]** (S.D.N.Y. 2000) ("Plaintiffs cannot avoid the more stringent requirements of Rule 9(b) by merely inserting boilerplate language into their complaint stating that claims are based in negligence not fraud." (quoting *In re Stratosphere Sec. Litig.*, 1 F. Supp. 2d 1096, 1104 (D.Nev. 1998)). Courts are not "required to sift through allegations of fraud in search of some 'lesser included' claim." *Rombach*, 355 F.3d at 176 (citation and quotation marks omitted).

*Matsumura v. Benihana Nat'l Corp.*, 542 F. Supp. 2d 245, 251-252, 2008 U.S. Dist. LEXIS 7338, 14-15 (S.D.N.Y. 2008).

## III. THE COMPLAINT MUST BE DISMISSED AS TO DEFENDANT ANNA YU

No matter how the complaint is phrased, it sounds of a business contractual nature.[7] Defendant Yu is alleged to have been an officer and sole stockholder of Elva Green. Despite that, plaintiff seeks to reach her by piercing the corporate veil.[8]

The Complaint repeatedly refers to "Defendants" as a single group, instead of explaining which Defendant was responsible for which statement, as required under Rule 9(b). *Mills,* 12 F.3d at 1175 ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged

---

[7] See fn 6 *supra* at 17.

[8] In Plaintiff's pre-12b letter it argues that it is not seeking to pierce the corporate veil but that is exactly what they are trying to do even if they refuse to recognize such by its legal term. Moreover if Plaintiff is seeking something other than to pierce the corporate veil it sorely and severally fatally failed to properly allege any fraud on Anna Yu as shown above herein.

fraudulent statements to 'defendants.'") (citations omitted).   Moreover, when a fraud claim is alleged against more than one defendant, as here, "the role of each defendant must be alleged with particularity." *Ho Myung Moolsan*, 665 F. Supp. 2d at 252-53 (citation omitted).   *See also Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996).

There is no allegation whatsoever stating any fact showing that Anna Yu acted outside the scope of her engagement as an officer of Elva Green.  New York courts "disregard corporate form reluctantly," *Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd,*, 909 F.2d 698, 703 (2d Cir. 1990) (quoting *Gartner v. Snyder*, 607 F.2d 582, 586 (2d Cir. 1979)), and "allow[] individuals to incorporate for the very purpose of avoiding personal liability," *Gartner*, 607 F.2d at 586. "This presumption is particularly strong in contract cases, in which plaintiff has chosen the party with which it has contracted." *Carte Blanche PTE., Ltd. v. Diners Club Int'l, Inc.*, 758 F. Supp. 908, 913, (S.D.N.Y. 1991).

> In deciding whether to pierce the corporate veil, 'courts look to a variety of factors, including the intermingling of corporate and [shareholder] funds, undercapitalization of the corporation, failure to observe corporate formalities such as the maintenance of separate books and records, failure to pay dividends, insolvency at the time of a transaction, siphoning off of funds by the dominant shareholder, and the inactivity of other officers and directors.'

*OOO "Garant-S" v. Empire United Lines Co.*, 2014 U.S. App. LEXIS 2317, 11-13, 2014 WL 443590 (2d Cir. 2014).

Plaintiff completely fails to attempt to allege even one of these factors. The complaint must be dismissed as to Anna Yu.

## IV.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's unsubstantiated claims date back to 2009. Thus, each of Plaintiff's allegations are barred by the statute of limitations ("SOL") governing an action based on fraud. C.P.L.R. § 213(8).

### A.    Counts I & II – Fraudulent Misrepresentation

It is well settled in the Second Circuit that such claims have a six year SOL. *Haining Zhang v. Schlatter*, 2013 U.S. Dist. LEXIS 138968, 32 (S.D.N.Y. Mar. 13, 2013) ("Pursuant to New York law, claims arising in fraud are governed by a six-year statute of limitations running from the occurrence of the alleged fraud, or two years running from the time the Plaintiff discovered, or could have discovered, the fraud, whichever is longer. *See In re Neidich*, 290 A.D.2d 557, 558, 736 N.Y.S.2d 694 (2d Dep't 2002); *see also* N.Y. C.P.L.R. 213(8).").

Plaintiff's claim predates six years and is after two years when Plaintiff should have discovered such claims.

### B.    Counts III & IV – Unjust Enrichment

The Second Circuit has long held that claims for unjust enrichment have a six year SOL. Furthermore, the SOL begins to run from when the wrongful act occurs. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 364 (2d Cir 2013) ("Under New York law, the six-year limitations period for unjust enrichment accrues "upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered.")(internal citation omitted).

## V.    PLAINTIFF IS IN VIOLATION OF THE STATUTE OF FRAUDS

Plaintiff's claims are based on purported oral arrangements made with Defendants back in 2009 or thereafter.

The Statute of Frauds bars the enforcement of oral contracts that cannot be performed within one year. *See Americana Petroleum Corp. v. Northville Indus. Corp.*, 200 A.D.2d 646, 647 (2d Dep't 1994) (discussing New York's Statute of Frauds); *see also* N.Y. UCC § 2-201 and N.Y. UCC Part 2 § 1-206; CPLR §3018(b).  Since the complaint seems to plead claims going

back to 2009, no claim that is more than two years old can pleaded unless there is a writing

adequate to satisfy the Statute of Frauds.   No writings other than the two invoices are pleaded.

## VI.    PLAINTIFF'S CLAIMS ARE BARRED BY LACHES

> The doctrine of laches is derived from the equitable principle that "equity aids the vigilant, not those who sleep on their rights." *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 259 (2d Cir. 1997) (citation and quotation marks omitted). Laches "bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." Id. (citation omitted).

*Eastman Kodak Co. v. Ricoh Co.*, 2013 U.S. Dist. LEXIS 113204, *59, 2013 WL

4044896 (S.D.N.Y. Aug. 9, 2013).

Where has Plaintiff been?  The essential element of laches is that there has been an

unreasonable delay by the plaintiff in bringing the claim. It is fair to say that in a relationship

going back to 2009, where the Defendant allegedly billed the Plaintiff repeatedly, the Defendant

had a right to assume the good faith of the Plaintiff in accepting and paying Defendant's invoices

and thus continue doing business with Plaintiff. Has Plaintiff been lying in wait?

## CONCLUSION

For the reasons set forth above, it is respectfully urged that this Court dismiss the

Complaint.

Dated:  New York, NY
        May 21, 2015


                                        Respectfully submitted,
                                        ___/s/_____
                                        Martin Mushkin (#7921)
                                        Joseph Taub (#1769)
                                        1100 Summer St.
                                        Stamford CT 06905
                                        Tel: 203-252-2357

Fax 203-547-7540
mmushkin@mushkinlaw.com
jtaub@mushkinlaw.com